Case 4:22-cv-03750   Document 38   Filed on 04/10/24 in TXSD   Page 1 of 7

United States District Court
Southern District of Texas
**ENTERED**
April 10, 2024
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| APRIL JOUBERT on behalf of CHAZ JOUBERT, deceased, C.J., Jr., minor child of deceased, by and through his parent and next friend TATYANA JASON, U'REKA A., a minor child by and through her parent, IKETHIA A.,<br>    *Plaintiffs*,<br><br>v.<br><br>CITY OF HOUSTON, TROY FINNER, YASMIR REYES, OFFICER DOES 1-10,<br>    *Defendants*. | §§§§§§§§§§§§§§ | CIVIL ACTION NO. 4:22-CV-3750 |

**ORDER**

Currently before the Court is the Motion to Dismiss filed by City of Houston Police Chief Troy Finner ("Finner"). (Doc. No. 32). Plaintiffs have responded in opposition (Doc. No. 36), and Finner has replied (Doc. No. 37). For the reasons stated below, the Court hereby GRANTS the motion.

**I.   Background**

This is lawsuit involves a motor vehicle accident. It is brought by the mother of Chaz Joubert ("Joubert"), his minor child by and through his minor child's mother, and U'reka A., the minor child who was a passenger in Joubert's vehicle, by and through her parent, Ikethia A. (collectively, "Plaintiffs"). The Defendants are the City of Houston, its Police Chief, Troy Finner, and multiple unnamed police officers sued as John Does. Yasmir Reyes ("Reyes"), an individual unrelated to Joubert or the City of Houston, was also sued. According to the Second Amended Complaint ("Complaint"), Joubert was working late at night as a driver for Lyft in June 2022. Reyes was also driving that night and was allegedly doing "donuts" in a parking lot when he was initially approached by police. Instead of stopping when the encounter began, Reyes took off down

a service road next to Houston's Southwest Freeway. This attempted escape triggered a high-speed chase with speeds exceeding 75 miles per hour. Unaware of this situation, Joubert was driving westbound on the West Sam Houston Parkway, accompanied by the Plaintiff, U'reka A. At the intersection of the two roads, Reyes' car hit Joubert's, instantly killing Joubert and injuring U'reka A. Reyes was arrested and charged with a variety of crimes.

The Plaintiffs claim that the accident occurred because the police officers "willfully ignored, disregarded and otherwise failed to follow or adhere to established pursuit policies and practices." (Doc. No. 274 at 14). The Complaint, in fact, extensively quotes the Houston Police Department's Motor Vehicle Pursuit Policy, General Order 600-04. (*Id.* at 12–14).

Plaintiffs complain that the officers' failure to follow the pursuit policy resulted in the deprivation of Joubert's constitutional rights, the public ridicule and humiliation of Joubert, damage to Joubert's estate, death and funeral expenses, physical pain and mental suffering, loss of value of services, consequential damages, past pain and suffering, and medical expenses. Similarly, U'reka A. sues for damages relating to her injuries that included a broken leg and a lacerated liver.

Plaintiffs' Complaint alleges the following federal claims: (1) § 1983 claim under the 14th Amendment for violating the "Right to Bodily Integrity" against the John Doe officers; (2) § 1983 claim under the 14th Amendment for violating the "Right to Familial Association" against the John Doe officers; (3) § 1983 claim for "Wrongful Death" against the John Doe officers; (4) § 1983 claim for "Municipal Liability Failure to Train" as to the City of Houston; and (5) § 1983 claim for "Supervisory Liability" as to Finner in his individual capacity. The Complaint alleges the following state law claims: (1) negligence against the City of Houston; (2) wrongful death against the City of Houston; and (3) assault and battery against Reyes.

2

Finner's Motion to Dismiss is based upon multiple arguments. This Court will concentrate on two: (1) qualified immunity and (2) lack of proper service.

## II.    Legal Standard

A defendant may file a motion to dismiss a complaint for "failure to state a claim upon which relief may be granted." Fed. R. Civ. P. 12(b)(6). To defeat a motion to dismiss under Rule 12(b)(6), a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009) (citing *Twombly*, 550 U.S. at 556). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Twombly*, 550 U.S. at 556). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Id.* (quoting *Twombly*, 550 U.S. at 557).

In reviewing a Rule 12(b)(6) motion, the court must accept all well-pleaded facts in the complaint as true and view them in the light most favorable to the plaintiff. *Sonnier v. State Farm Mut. Auto. Ins. Co.*, 509 F.3d 673, 675 (5th Cir. 2007). The Court is not bound to accept factual assumptions or legal conclusions as true, and only a complaint that states a plausible claim for relief survives a motion to dismiss. *Iqbal*, 556 U.S. at 678–79. When there are well-pleaded factual allegations, the court assumes their veracity and then determines whether they plausibly give rise to an entitlement to relief. *Id.*

To determine whether to grant a Rule 12(b)(6) motion, a court may look only to allegations in a complaint to determine their sufficiency. *Santerre v. Agip Petroleum Co., Inc.*, 45 F.Supp.2d 558, 568 (S.D. Tex. 1999); *Atwater Partners of Texas LLC v. AT & T, Inc.*, 2011 WL 1004880

3

(E.D. Tex. 2011). A court may, however, also consider matters outside the four corners of a complaint if they are incorporated by reference, items subject to judicial notice, matters of public record, orders, items appearing in the record of a case, and exhibits attached to a complaint whose authenticity is unquestioned. *See Chawla v. Shell Oil Co.*, 75 F.Supp.2d 626, 633 (S.D. Tex. 1999); *Brock v. Baskin-Robbins USA Co.*, 113 F.Supp.2d 1078, 1092 (E.D. Tex. 2000) (at motion to dismiss for failure to state a claim, a court may consider an indisputably authentic document that is attached as an exhibit, if plaintiff's claims are based on the document).

When evaluating a defendant's entitlement to a qualified immunity defense at the motion to dismiss stage, a district court must first find "that the plaintiff's pleadings assert facts which, if true, would overcome the defense of qualified immunity." *See Est. of Bonilla v. Orange Cnty.*, 982 F.3d 298, 306 (5th Cir. 2020) (quoting *Hyatt v. Thomas*, 843 F.3d 172, 177 (5th Cir. 2016)) ("Once a defendant asserts the qualified immunity defense, '[t]he plaintiff bears the burden of negating qualified immunity.'"). A plaintiff seeking to overcome qualified immunity at the pleading stage must allege: "(1) that the official violated a statutory or constitutional right, and (2) that the right was 'clearly established' at the time of the challenged conduct." *Ashcroft v. al-Kidd*, 563 U.S. 731, 732 (2011).

## III. Analysis

Before the Court addresses the actual application of the law to the Complaint, it feels compelled to point out two important factors, one of which in and of itself is grounds to dismiss Finner. First, Plaintiffs claim to be suing Finner in his individual capacity, but, as described above, Finner is only named in Plaintiffs' fifth cause of action, which claims in pertinent part:

> Chief Finner, acting deliberately, recklessly and under color of law, was, at the relevant times, supervisory personnel with the Houston Police Department with oversight responsibility for training, hiring, screening, instruction, supervision and discipline of DEFENDANTS Officers Doe 1-30 who deprived Plaintiffs of their clearly established constitutional rights.

4

(Doc. No. 27 at 27).

Being sued for his alleged failure to supervise or oversee the Department is clearly a lawsuit against the Chief in his official capacity. Perhaps in a vain attempt to avoid the general rule that a suit against a government official in his/her official capacity is really a suit against the governmental entity, Plaintiffs label their claims as being against Finner in his individual capacity. *See e.g.*, *Chavez v. Alvarado*, 550 F.Supp.3d 439, 450 (S.D. Tex. 2021). This is, at best, a legal fiction and at worst an attempt to misrepresent the facts and allegations. The above-quoted paragraph from the only cause of action alleged against Finner is clearly aimed at the Police Chief in his official capacity. Only the Chief acting as in the official capacity of the Chief of Police can be charged with the oversight responsibility for training, hiring, screening, instruction, supervision, and discipline of officers.

This Court is not bound by pleading labels—especially those that are so clearly contrary to the facts alleged. If Finner did or failed to do the alleged acts properly it would clearly be in his official role as Police Chief. The claims against Finner are clearly leveled at his actions or inactions in his official capacity as police chief. Since Plaintiffs have also sued the City of Houston, this alone would compel the Court to dismiss the Complaint as to Finner. *Goodman v. Harris County*, 571 F.3d 388, 395 (5th Cir. 2009).

The second pleading anomaly is just as egregious. Plaintiffs argue in their response to the motion to dismiss that Finner can be found liable for his "failure to promulgate [a high-speed chase] policy" and when he "implements unconstitutional policies that causally result in the constitutional injury." (Doc. No. 36 at 11–12). Obviously, the person who wrote this brief has not read the Complaint. The Complaint sets out the Houston Police Department's high-speed chase policy in great detail. (Doc. No. 27 at 12–14). It then faults the officers involved for not following it. The Complaint does not allege that there was not a policy or that the policy was unconstitutional.

5

The Complaint over and over again alleges that the problem was that the officers in question did *not* follow the policy. (*See e.g.*, Doc. No. 27 at 9–10, 14–15, 19–20, 22, 24–26, 28–29).

Setting these two pleading anomalies aside, Finner is clearly entitled to qualified immunity. Government officials are entitled to immunity from liability (and from the actual lawsuit) when performing discretionary functions (such as how one supervises their subordinates) as long as that official does not violate a clearly established constitutional right of which a reasonable person would have knowledge. *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982); *Morgan v. Swanson*, 659 F.3d 359, 370 (5th Cir. 2011) (*en banc*).

Plaintiffs have not identified how Finner violated a statutory or constitutional right, nor have they articulated how such a violation would be clearly established. They concede he had no personal involvement in this high-speed chase, and in fact they only make general allegations about Finner's alleged insufficient supervision at a time when Finner was not even on duty. Thus, Plaintiffs' meager allegations against Finner fail to overcome his qualified immunity under Fifth Circuit precedent.

Finner is hereby dismissed from this lawsuit due to qualified immunity.

## IV. Service

Finner claims that he was not served in compliance with the Federal Rules of Civil Procedure. In their response, Plaintiffs concede that Federal Rule of Civil Procedure 4(m) requires service within 90 days of the Complaint being filed. They further concede that if a defendant is not timely served, then that defendant or the complaint as a whole must be dismissed. (Doc. No. 36 at 22).

The facts in this matter are fairly undisputed. Plaintiffs filed their Original Complaint on October 28, 2022. They simultaneously requested service. The summons for Finner was issued on October 31, 2022. It was not served on him. Instead, it was served on the City Secretary on

6

November 16, 2022. (Doc. No. 14). The 90-day deadline for service under Rule 4(m) expired in late January 2023. Plaintiffs filed their First Amended Complaint on November 10, 2022, and their Second Amended Complaint (the current live Complaint) on August 21, 2023. It was not until September 7, 2023, that Finner was actually served. (Doc. No. 28). Thus, service was effectuated eight months late.

This is yet another reason why this matter is dismissed as to Finner.

## V.     Conclusion

This Court finds that Defendant Troy Finner is entitled to qualified immunity. The Court also finds that, despite the manner in which the Complaint is labeled, according to the actual facts alleged Finner is being sued in his official capacity. Since the City of Houston has also been sued, Finner is entitled to dismissal on this ground as well. Finally, the Court finds Finner was not timely served and under Rule 4(m) he must be dismissed. For all of these reasons, Finner's Motion to Dismiss is hereby GRANTED.

SIGNED this 10th day of April, 2024.

Andrew S. Hanen
United States District Judge