United States District Court
Southern District of Texas

**ENTERED**

September 24, 2024

Nathan Ochsner, Clerk

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

APRIL JOUBERT on behalf of CHAZ §
JOUBERT, deceased, C.J., Jr., minor child §
of deceased, by and through his parent and §
next friend TATYANA JASON, U'REKA A., §
a minor child by and through her parent, §
IKETHIA A., §
    *Plaintiffs*, §
        §
        §
v.         §    CIVIL ACTION NO. 4:22-CV-3750
        §
CITY OF HOUSTON, TROY FINNER, §
YASMIR REYES, OFFICER DOES 1-10, §
    *Defendants*. §

## ORDER

Pending before the Court is Defendant City of Houston's ("Houston") Rule 12(b)(6) Motion to Dismiss. (Doc. No. 30). Plaintiffs filed a Response in opposition, (Doc. No. 34), and Houston filed a Reply. (Doc. No. 36). Also before the Court is Plaintiffs' Motion to Reconsider or, Alternatively Alter or Amend the Order Granting Defendant Finner's Motion to Dismiss. (Doc. No. 39). Upon consideration of the law and the arguments, the Court hereby **DENIES** the Plaintiffs' Motion to Reconsider and **GRANTS** Defendant Houston's Motion to Dismiss without prejudice to allow Plaintiffs to refile their state law claims in state court.

## I.    Background

This lawsuit involves a motor vehicle accident that occurred when a suspect in a high-speed police chase ran a red light and struck another car. The suit is brought by April Joubert, the mother of Decedent Chaz Joubert ("Joubert"), Joubert's minor child by and through his minor child's mother, and U'reka A., the minor child who was a passenger in Joubert's vehicle, by and through her parent, Ikethia A. (collectively, "Plaintiffs"). The Defendants are the City of Houston, its Police Chief, Troy Finner, and multiple unnamed police officers sued as John Does. Yasmir

Reyes ("Reyes"), the driver who struck Joubert's car, was also sued. According to the Second Amended Complaint ("Complaint"), Joubert was working late at night as a driver for Lyft in June 2022. (Doc. No. 27 at 2). Reyes was allegedly doing "donuts" in a parking lot when the police initially approached him. (*Id.* at 9) Instead of stopping when the encounter began, Reyes took off down a service road next to Houston's Southwest Freeway. (*Id.* at 2–3). This attempted escape triggered a high-speed chase with Reyes allegedly exceeding 75 miles per hour with the police following. (*Id.* at 9) Unaware of this situation, Joubert was driving westbound on the West Sam Houston Parkway, accompanied by the Plaintiff, U'reka A. (*Id.* at 11). At the intersection of the two roads, Reyes struck Joubert's car on the driver's side, instantly killing Joubert and severely injuring U'reka A. (*Id.*). Reyes was arrested and charged with a variety of crimes.

Plaintiffs claim that the accident occurred because the police officers "willfully ignored, disregarded and otherwise failed to follow or adhere to established pursuit policies and practices." (Doc. No. 27 at 14). The Complaint, in fact, extensively quotes the Houston Police Department's Motor Vehicle Pursuit Policy, General Order 600-04. (*Id.* at 12–14).

Plaintiffs complain that the officers' failure to follow the pursuit policy resulted in the deprivation of Joubert's constitutional rights, the public ridicule and humiliation of Joubert, damage to Joubert's estate, death and funeral expenses, physical pain and mental suffering, loss of value of services, consequential damages, past pain and suffering, and medical expenses. (*Id.* at 15). Similarly, U'reka A. sues for damages relating to her injuries that included a broken leg and a lacerated liver. (*Id.* at 16).

Plaintiffs' Complaint alleges the following federal claims: (1) § 1983 claim under the 14th Amendment for violating the "Right to Bodily Integrity" against the John Doe officers; (2) § 1983 claim under the 14th Amendment for violating the "Right to Familial Association" against the John Doe officers; (3) § 1983 claim for "Wrongful Death" against the John Doe officers; (4) § 1983

2

claim for "Municipal Liability Failure to Train" as to the City of Houston; and (5) § 1983 claim

for "Supervisory Liability" as to Finner in his individual capacity. The Complaint alleges the

following state law claims: (1) negligence against the City of Houston; (2) wrongful death against

the City of Houston; and (3) assault and battery against Reyes. (*Id.* at 18–32).

Houston's Motion to Dismiss is based upon multiple arguments: (1) Plaintiffs' do not have

standing on all claims; (2) Plaintiffs' allegations against Chief Finner are official-capacity claims

and are redundant; (3) Plaintiffs failed to plead a valid immunity waiver barring their state law

claims under the Texas Tort Claims Act; and (4) Plaintiffs did not plead sufficient facts to allege

a colorable *Monell* claim under § 1983. (Doc. No. 30 at 8–9).

## II.    Legal Standard

### a.    Rule 12(b)(6) Motion to Dismiss

A defendant may file a motion to dismiss a complaint for "failure to state a claim upon

which relief may be granted." Fed. R. Civ. P. 12(b)(6). Similarly, a plaintiff may file a Rule

12(b)(6) motion to dismiss a counterclaim. *See Kansas v. Nebraska*, 527 U.S. 1020 (1999). To

defeat a motion to dismiss under Rule 12(b)(6), a plaintiff must plead "enough facts to state a claim

to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A

claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw

the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*,

556 U.S. 662, 663 (2009) (citing *Twombly*, 550 U.S. at 556). "The plausibility standard is not akin

to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has

acted unlawfully." *Id.* (quoting *Twombly*, 550 U.S. at 556). "Where a complaint pleads facts that

are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility

and plausibility of entitlement to relief.'" *Id.* (quoting *Twombly*, 550 U.S. at 557).

In reviewing a Rule 12(b)(6) motion, the court must accept all well-pleaded facts in the complaint as true and view them in the light most favorable to the plaintiff. *Sonnier v. State Farm Mut. Auto. Ins. Co.*, 509 F.3d 673, 675 (5th Cir. 2007). The Court is not bound to accept factual assumptions or legal conclusions as true, and only a complaint that states a plausible claim for relief survives a motion to dismiss. *Iqbal*, 556 U.S. at 678–79. When there are well-pleaded factual allegations, the court assumes their veracity and then determines whether they plausibly give rise to an entitlement to relief. *Id.*

b.  Rule 54(b) Motion to Amend or Reconsider

When orders or decisions adjudicate "fewer than all the claims or the rights and liabilities of fewer than all the parties," Rule 54(b) allows for those orders to be "revised at any time before the entry of a judgment adjudicating all the claims . . . ." FED. R. CIV. PRO. 54(b). "Although the precise standard for evaluating a motion to reconsider under Rule 54(b) is unclear . . . considerations similar to those under Rules 59 and 60 inform the Court's analysis." *Dos Santos v. Bell Helicopter Textron, Inc. Dist.*, 651 F. Supp. 2d 550, 553 (N.D. Tex. 2009). "That is, considerations such as whether the movant is attempting to rehash its previously made arguments or is attempting to raise an argument for the first time without justification bear upon the Court's review of the motion for reconsideration." *Id.* Here, Plaintiffs and Defendants seem to agree that the standard for reviewing a Rule 54(b) motion is functionally the same as a Rule 59(e) motion. Thus, the Court will assume without deciding that the Rule 59(e) analysis is proper.

Rule 59(e) motions call into question the correctness of a judgment. *In re Transtexas Gas Corp.*, 303 F.3d 571, 581 (5th Cir. 2002). The Fifth Circuit has repeatedly held that Rule 59(e) motions are "not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment." *Templet v. HydroChem Inc.*, 367 F.3d 473, 479 (5th Cir. 2004); *Simon v. United States*, 891 F.2d 1154, 1159 (5th Cir. 1990). Instead,

4

such motions "serve the narrow purpose of allowing a party to correct manifest errors of law or fact or to present newly discovered evidence." *Waltman v. Int'l Paper Co.*, 875 F.2d 468, 473 (5th Cir. 1989) (internal quotations omitted).

### III.   Analysis

Plaintiffs' pleadings, taken as true, fail to state a claim upon which relief can be granted. The Complaint fails to plausibly allege a violation of Joubert's constitutional rights based on the officer's conduct, as is necessary for a valid § 1983 claim. The Complaint also fails to successfully plead a *Monell* claim because Plaintiffs do not show that a policy adopted by the City of Houston was the cause of a constitutional harm, or that the policy was adopted with reckless indifference. Finally, regarding the state law claims, the Complaint does not plead a valid waiver of government immunity by failing to address the second, necessary showing under TEX. CIV. PRAC. & REM. CODE § 101.021(1)(B). Thus, Plaintiffs' claims against the City of Houston are dismissed.

#### a.   Motion to Reconsider Dismissal of Claims Against Chief Finner

Defendants' Motion to Dismiss was filed before the Court granted Chief Finner's Motion to Dismiss. As the Court has already dismissed the claims against Chief Finner, the Court will address the Plaintiffs' motion to reconsider that dismissal here instead of filing a second order.

Plaintiffs' Motion to Reconsider focuses almost exclusively on the precise elements of supervisory liability articulated in *Hobart v. Estrada*, 582 F. App'x 348 (5th Cir. 2014)—an issue that the Court's order neither turns on nor addresses with any particular depth. Taking the Plaintiffs' arguments about the contours of supervisory liability as correct, the Motion to Reconsider does not address the Court's determination that the claims against Finner are official-capacity claims, rendering them redundant and requiring dismissal.

Further, even if the claims were properly pleaded individual-capacity claims, the Motion to Reconsider makes no effort to address the Court's finding of qualified immunity. Plaintiff's

Motion to Reconsider does not point the Court to overlooked facts that show he "violated a statutory or constitutional right" that would have been "clearly established." (Doc. No. 38 at 6). Motions to reconsider are not for "rehashing . . . legal theories," and they are certainly not for rehashing legal theories that would not alter the disposition of the Court's order. As such, Plaintiffs' Motion to Reconsider or, Alternatively Alter or Amend the Order Granting Defendant Finner's Motion to Dismiss, (Doc. No. 39), is **DENIED.**

### b. Standing of April Joubert and C.J. Jr. as Representatives of Decedent's Estate

Houston argues that Plaintiffs April Joubert and C.J. Jr. do not have the capacity to bring wrongful death claims as heirs of Decedent Chaz Joubert because they did not explicitly plead that Joubert's estate required no administration. Plaintiffs concede that this specific language, required by TEX. CIV. PRAC. & REM. CODE § 71.004, was missing from the Complaint. However, Plaintiffs have remedied that oversight with an affidavit containing the relevant language to their Response. (Doc. No. 34-1). The details of the administration of the estate are a matter that should have been included in the Complaint. Nevertheless, instead of granting Plaintiffs leave to amend that singular issue, the Court recognizes the affidavit and assumes for the purpose of this order that the Plaintiffs do have standing to bring this suit as heirs and representatives of Joubert's estate.

### c. Section 1983 Claims

#### i. *Claims Against the Officers in their Individual Capacities*

As a threshold matter, the Complaint does not clearly articulate why these claims are individual-capacity claims instead of official-capacity claims—the case concerns state actors performing their discretionary duties as police officers. Still, the Complaint fails to allege a constitutional harm suffered by Joubert, as is necessary for a § 1983 claim to proceed. The constitutional harm alleged is the collision with Reyes's vehicle that killed Joubert. The United States Supreme Court has held, however, that "high-speed chases with no intent to harm suspects

6

physically or to worsen their legal plight do not give rise to liability under the Fourteenth Amendment, redressable by an action under § 1983." *Cnty. of Sacramento v. Lewis*, 523 U.S. 833, 854 (1998); *see also Checki v. Webb*, 785 F.2d 534, 538 (C.A.5 1986) ("Where a citizen suffers physical injury due to a police officer's negligent use of his vehicle, no section 1983 claim is stated. It is a different story when a citizen suffers or is seriously threatened with physical injury due to a police officer's intentional misuse of his vehicle.").

Here, Plaintiffs attempt to overcome this hurdle by pleading that the officers' decision to continue pursuing Reyes at high speeds was, by itself, sufficient to evince intent to harm Joubert. Unfortunately, the Complaint is devoid of any facts plausibly showing that John Doe Officers knew of Joubert's presence on the road or possessed the intent to harm anyone, much less an intent to harm Joubert. Further emphasizing this factual gap is the fact that none of the Officers directly caused Joubert's death—it was Reyes's decisions while driving that caused the collision. Thus, Plaintiffs would have had to plead that the officers pursued Reyes at high speeds with the intent of Reyes harming Joubert. Plaintiffs' allegation that the mere continuation of the pursuit of Reyes alone was so "reckless or wanton" that it evinces the necessary intent to harm Joubert is not more than a conclusory statement. Thus, Plaintiffs have not plausibly alleged a constitutional harm necessary to proceed with the § 1983 claims against the Defendant Officers John Does 1-100.

### ii. Municipal Liability Claims

A municipal entity may be held liable under 42 U.S.C. § 1983 if "an action pursuant to official municipal policy . . . caused a constitutional tort." *Haddock v. Tarrant Cnty., Tex.*, 852 Fed. App'x 826, 833 (5th Cir. 2021) (quoting *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978)). A municipal entity "may not be held liable under § 1983 based on *respondeat superior*; the entity cannot be liable simply because its employee harmed someone." *Chavez v. Alvarado*, 550 F. Supp. 3d 439, 455 (S.D. Tex. 2021) (Rosenthal, C.J.). "To state a claim against a

municipality under 42 U.S.C. § 1983, a plaintiff must allege that there was either an official policy or an unofficial custom, adopted by the municipality, that was the moving force behind the claimed constitutional violation." *Aguirre v. City of San Antonio*, 995 F.3d 395, 421 (5th Cir. 2021) (citations and internal quotation marks omitted).

Plaintiffs' own pleadings in support of their failure-to-train claim undercut the requirements for a municipal liability claim. Plaintiffs successfully allege that there was an official policy that governed the actions of the officers on the night of Joubert's death. Plaintiffs then argue that the Defendant Officers failed to follow the guidance of that policy, and that their failure to follow the policy caused Plaintiffs' injuries. In other words, Plaintiffs assert that if the policy had been followed, they would not have suffered any damages. These allegations undercut the requirement that *the policy* at issue was the "moving force behind the claimed constitutional violation." *Id.* Plaintiffs then allege that the frequency with which high-speed chases occur clearly reveals a failure to train officers on the department's policy.

These allegations are insufficient because they are internally contradictory. Plaintiffs acknowledge that the department offers "'Driving Safety and Pursuit Refresher' as a prospective continuing education course." (Doc. No. 27 at 26). Plaintiffs' own look into the department's policies revealed a constitutional and mandated policy, along with continuing education courses on proper vehicle pursuits under that policy. In light of the Plaintiffs' own pleadings, they have not shown that an adopted policy was the "moving force" behind the constitutional harm. In fact, they have effectively pleaded that the department has a constitutional policy in place, and that the harm arose from a *failure to comply* with the policy—this directly contradicts the necessary elements of a municipal liability claim.

The Court, therefore, dismisses Plaintiffs' § 1983 and *Monell* claims against Defendant Officers and the City of Houston.

### d.  State Law Claims

Because the Court grants Houston's Motion to Dismiss on all federal claims, only Plaintiffs' state claims remain. Plaintiffs' state law claims include negligence and wrongful death claims against the City of Houston, and an assault and battery claim against Defendant Yasmir Reyes that Plaintiffs bring against Houston alleging joint and severally liability.

The crucial issue at this stage is whether Plaintiffs have adequately alleged a valid waiver of governmental immunity under the Texas Tort Claims Act. *See* TEX. CIV. PRAC. & REM. CODE § 101.021 (waiving governmental immunity under certain circumstances). Here, Plaintiff alleges that immunity is waived under Section 101.021(1)(A) of the Texas Tort Claims Act because the harms alleged were due to the negligent use an HPD motor vehicle. (Doc. 27 at 31). Houston's Motion to Dismiss argues that the Complaint fails to overcome the emergency exception located at § 101.055(2). (Doc. No. 30 at 12). The emergency exception states that immunity is not waived when the claim arises from "the action of an employee while responding to an emergency call or reacting to an emergency situation if the action is in compliance with the laws and ordinances applicable to emergency action, or in the absence of such a law or ordinance, if the action is not taken with conscious indifference or reckless disregard for the safety of others . . . ." (*Id.*). In Plaintiffs' Response, they argue why the emergency exception does not apply, primarily objecting to whether the officers were "in compliance with the laws and ordinances" and whether they acted with "conscious indifference or reckless disregard." (Doc. No. 34 at 17–24).

An issue addressed by neither the Complaint nor Houston's Motion to Dismiss is the second prong of § 101.021(1)'s immunity waiver. The TTCA waives immunity for negligence in this provision if: "(A) the property damage, personal injury, or death arises from the operation or use of a motor-driven vehicle or motor-driven equipment; *and* (B) the employee would be personally liable to the claimant according to Texas law . . . ." § 101.021(1)(A)–(B). Section

9

101.021(1)(B) requires that the officers be personally liable for the harm for governmental immunity to be waived. For the officers to be personally liable, however, the Plaintiffs must plead that they are not protected by other legal doctrines. *See City of Houston v. Sauls*, 690 S.W.3d 60, 69 (Tex. 2024) (outlining the requisite analysis to determine whether police officers were entitled to official immunity, a common-law affirmative defense).

Complicating the issue is the question of whether official immunity, a common-law affirmative defense, can be waived by Houston's failure to raise the issue in the Motion to Dismiss. Generally, an affirmative defense is waived if it is not pleaded. *Phillips v. Phillips*, 820 S.W.2d 785, 789 (Tex. 1991). Governmental immunity consists of two intertwined but distinct concepts— immunity from suit and immunity from liability. Immunity from suit implicates the subject matter jurisdiction of a court to hear the claims made against the governmental entity. *Reata Constr. Corp. v. City of Dallas*, 197 S.W.3d 371, 374 (Tex. 2006). On the other hand, "immunity from liability is an affirmative defense, not a matter of subject matter jurisdiction; however, this immunity must be waived." *State v. Leuck*, 290 S.W.3d 876, 880 (Tex. 2009). Unfortunately, neither party has addressed § 101.021(1)(B) in their briefings.

Instead of the Court weighing in on a complex state-law issue implicating governmental immunity and subject-matter jurisdiction, which remains entirely unbriefed, the Court declines to extend its supplemental jurisdiction over the remaining state law claims. 28 U.S.C. § 1367(c)(3); *see also Parker & Parsley Petroleum v. Dresser Indus.*, 972 F.2d 580 (5th Cir. 1992) (concluding that, after weighing the various factors, that it was an abuse of discretion for the district court to retain jurisdiction over state law claims after it had dismissed the federal claims). Therefore, Plaintiffs' state claims are dismissed without prejudice, allowing Plaintiffs to refile in state court. The statute of limitations for filing these claims will be deemed to have been tolled between the

date of filing in federal court and the date of refile in state court, provided refiling is accomplished within 60 days of federal court dismissal. *See* TEX. CIV. PRAC. & REM. CODE § 16.064.

## IV.    Conclusion

The City of Houston's Motion to Dismiss, (Doc. No. 30), is hereby **GRANTED** as to Plaintiffs' federal claims, and Plaintiffs' state claims are dismissed without prejudice to allow for refiling in state court. Further, Plaintiffs' Motion to Reconsider or, Alternatively Alter or Amend the Order Granting Defendant Finner's Motion to Dismiss, (Doc. No. 39), is **DENIED**.

SIGNED this 24th day of September, 2024.

Andrew S. Hanen
United States District Judge

11